IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUDOLPH SUMMERFIELD,

      Petitioner,                        No.  2: 12-cv-1953 GEB DAD P

    vs.

V. SINGH,

      Respondent.                    ORDER

_____/

        Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  On July 31, 2012, respondent was ordered by the court to file a response to the pending habeas petition within sixty days.  On September 27, 2012, only a few days before respondent's response to the habeas petition was due, respondent filed a "Request for Deferral of Briefing and for Order as to the State Court Marsden Hearing Transcripts." (Dkt. No. 10.)  In that request, respondent represents that there were three in camera hearings held in the underlying state court criminal proceedings with respect to petitioner's request for substitution of appointed counsel brought pursuant to the decision in People v. Marsden, 2 Cal. 3d 118 (1970).  Respondent claims that these hearing transcripts would be relevant in addressing the claims raised by petitioner in his federal habeas petition.  In this regard, respondent's counsel states that:

1

> experience has shown that California courts are leery about disclosing such matters via an ex parte decision to unseal, particularly given lack of ongoing proceedings in the state court. In the past, this difficulty has been obviated by the federal court directing Respondent to ask the state court to transmit the transcript directly to the federal court, for filing under seal – with the federal court itself then ruling whether to unseal the transcript.

(Dkt. No. 10 at p. 2.)

Respondent's counsel is correct that the California Court of Appeal cannot under these circumstances, consistent with state law, simply unseal Marsden hearing transcripts and turn them over to the Attorney General. Those transcripts may or may not contain information relevant to disposition of petitioner's claims, which do not include a claim that any Marsden motion was erroneously denied in state court, presented in this federal habeas action. That, however, is where this court's agreement with counsel ends with respect to respondent's belated presentation of this issue.

On July 31, 2012, this court ordered respondent to file all transcripts and other documents relevant to the issues presented in the pending federal habeas petition if respondent elected to file an answer to the petition instead of a motion. There is nothing on the face of the pending petition to suggest that a ruling on a Marsden motion was being placed at issue. Yet, respondent's counsel waited until September 27, 2012 to file the request now before the court. Given that the request was filed just a few days before the response to the petition was due, it appears clear that respondent was ill-prepared to comply with this court's July 31, 2012 order by filing a timely answer. If respondent's counsel was preparing to file a timely response to the petition, it would seem that counsel would have learned of the existence of Marsden hearing transcripts that might possibly be relevant to the pending claims weeks ago and brought the matter to this court's attention.

Respondent has not filed a response to the habeas petition presumably in light of this request regarding transcripts. In light of this fact, the court will reluctantly grant respondent's request to defer briefing and for an order regarding the Marsden hearing transcripts.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for deferral of briefing and for an order regarding the state court <u>Marsden</u> hearing transcripts (Dkt. No. 10) is granted.

2. This court requests that the California Court of Appeal for the Third Appellate District forward the <u>Marsden</u> hearing transcripts in the case of <u>People v. Summerfield</u>, CO63474 to the chambers of the undersigned for in camera review to determine the relevance of those transcripts, or any part thereof, to the claims raised by petitioner in these federal habeas proceedings.

3. Counsel for respondent is directed to forward a copy of this order to the Clerk of the California Court of Appeal for the Third Appellate District.

4. Upon completion of that in camera review, this court will issue a further order addressing whether any portion of those transcripts is relevant to these proceedings and whether counsel for respondent shall be granted access thereto. At that time the court will set a date by which respondent's answer to the petition shall be filed.

DATED: October 17, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
summ1953.36marsdentr